NOT DESIGNATED FOR PUBLICATION

No. 115,266

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDUARDO ALVARADO-AVALOS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed July 7, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.


*Per Curiam*: Eduardo Alvarado-Avalos appeals his conviction for three counts of identity theft in violation of K.S.A. 2016 Supp. 21-6107(a)(1), challenging the sufficiency of the evidence to convict him. Our extensive review of the record reflects Alvarado-Avalos used the social security numbers of two real persons to obtain employment at three different restaurants. We find substantial evidence supports his conviction. We affirm.

1

Officer Steven Edwards of the Overland Park Police Department had knowledge Alvarado-Avalos might be working at Johnny's Tavern under a social security number issued to another person. Officer Edwards contacted the manager of Johnny's Tavern and obtained identification documents, including a social security card, from Alvarado-Avalos' personnel file. Almost 1 year later, Alvarado-Avalos was arrested pursuant to a warrant. A search of Alvarado-Avalos revealed a check from his bank account, deposit slips, and time cards with the name Armando dated between January and February 2013. Officer Edwards then obtained Alvarado-Avalos' bank account records. The social security number associated with the bank account had not been issued to Alvarado-Avalos; rather, it belonged to Arthur Kyle Falcon Alaniz. Alvarado-Avalos used the same social security number to obtain employment at Johnny's Tavern.

The bank records also revealed payroll checks deposited from Red Robin and Cheddar's. The Red Robin checks were issued to Armando Rocha, were endorsed for deposit sometimes using both names of Armando Rocha and Alvarado-Avalos, and sometimes were endorsed for deposit with only one name. The Cheddar's checks were issued to Armando Flores and were endorsed for deposit with both names of Armando Flores and Eduardo Avalos. Officer Edwards obtained Armando Rocha's employment records at Red Robin and also obtained Armando Flores' employment records at Cheddar's.

At trial, Red Robin's general manager identified Alvarado-Avalos as the person he knew as Armando Rocha. In obtaining employment at Red Robin, Alvarado-Avalos used a social security number issued to Georges Armando Rocha Flores. The former kitchen manager at Cheddar's testified he hired an employee he knew as Jay Armando Rocha Flores and identified Alvarado-Avalos as the man he knew as Flores. The social security number used by Alvarado-Avalos at Cheddar's was not his and had been previously assigned to Flores.

A jury convicted Alvarado-Avalos for one count of identity theft for the use of Alaniz' social security number and two counts of identity theft for the use of Flores' social security number. The district court sentenced him to 22 months' imprisonment, suspended to 18 months' supervised probation.

On appeal, Alvarado-Avalos argues there was insufficient evidence to support his convictions. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]'" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

K.S.A. 2016 Supp. 21-6107(a)(1), in pertinent part, defines identity theft as: "obtaining, possessing, transferring, using, selling or purchasing any personal identifying information, or document containing the same, belonging to or issued to another person, with the intent to: . . . [d]efraud that person, or anyone else, in order to receive any benefit." Alvarado-Avalos asserts he did not defraud his employers because he only received payment in exchange for work performed. In support of his argument he cites to *City of Liberal v. Vargas*, 28 Kan. App. 2d 867, 24 P.3d 155 (2001). The *Vargas* court held Vargas' use of a fictitious person's documents did not constitute identity theft because the identity theft statute required the use of another person's identification documents. 28 Kan. App. 2d at 869-70. In *Vargas*, the social security number was never shown to be assigned to "a real person who had his identity 'stolen.'" 28 Kan. App. 2d at 869.

In dicta, the *Vargas* court went on to state the use of false identification papers to obtain employment did not show an intent to defraud because Vargas was only

compensated for services actually performed. 28 Kan. App. 2d at 870-71. However, in *State v. Meza*, 38 Kan. App. 2d 245, 248-49, 165 P.3d 298 (2007), another panel of this court saw the issue differently. *Meza* found employees receive more than just the economic benefit of being paid for their services; they also gain access to any available employee benefits as well as rights and protections under Kansas and federal law. Accordingly, the *Meza* court found Meza acted with the intent to defraud when she used another person's identification to obtain employment. 38 Kan. App. 2d at 248-49.

Both *Vargas* and *Meza* examined the prior codification of Kansas' identity theft statute, K.S.A. 21-4018. The reasoning in *Meza* remains sound despite a change in the statutory language. Under K.S.A. 21-4018(a), identity theft required an "intent to defraud for economic benefit." K.S.A. 2016 Supp. 21-6107(a)(1) merely requires an intent to defraud to receive *any* benefit. While *Vargas* took a narrow view of the term economic benefit, *Meza* focused on additional benefits and legal protections arising from employment. 38 Kan. App. 2d at 248-49. Even if these additional benefits might not be an economic benefit in the same sense as wages paid, they are still *a* benefit and therefore fit within the specific intent requirement of K.S.A. 2016 Supp. 21-6107(a)(1). The rationale in *Meza* was recently followed by another panel of this court in *State v. Valdiviezo-Martinez*, No. 111,447, 2015 WL 7693673, at *1; 2 (Kan. App. 2015) (unpublished opinion), *rev. granted* 305 Kan. 1257 (2016).

Here, Alvarado-Avalos used identification documents belonging to two different "real person[s]" to obtain employment at Johnny's Tavern, Red Robin, and Cheddar's. The managers of those restaurants testified they would not have hired Alvarado-Avalos had they known the identification documents he provided belonged to someone else. The evidence was therefore sufficient. See *Meza*, 38 Kan. App. 2d at 248-49; *Valdiviezo-Martinez*, 2015 WL 7693673, at *2.

4

Alvarado-Avalos next argues the evidence was insufficient to show he defrauded any person because the State never proved the type of business entities of Johnny's Tavern, Red Robin, or Cheddar's were "persons" included under the identity theft statute. He acknowledges K.S.A. 2016 Supp. 21-5111(t) defines "person" for purposes of Kansas' criminal code as: "an individual, public or private corporation, government, partnership, or unincorporated association." However, he argues "it is entirely possible that these alleged victims could be limited liability companies, or any other such organizational structure not recognized by K.S.A. 2016 Supp. 21-5111(t)." His argument does not persuade us.

> "[T]his court presumes the legislature does not intend to enact useless or meaningless legislation. See *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 918, 296 P.3d 1106 (2013). Equally fundamental is the rule of statutory interpretation that courts are to avoid absurd or unreasonable results. 296 Kan. at 918." *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Here, the statute defines "person" to include, public and private corporations, governments, partnerships, and unincorporated associations; thus, Alvarado-Avalos' speculative assertion that the three victims in this case might be "limited liability companies, or any other such organizational structure"—even if true—does not exclude Johnny's Tavern, Red Robin or Cheddar's from the definition of person under K.S.A. 2016 Supp. 21-5111(t) for purposes of his conviction. And even if there were some business entity out there that did not fall under the definition of person under K.S.A. 2016 Supp. 21-5111(t), there is no reason to believe, nor does Alvarado-Avalos suggest any reason, that the legislature intended to attach criminal liability to frauds perpetrated on certain business entities but not others. Each of the three restaurants were defrauded when each of the restaurant's managers were deceived into hiring Alvarado-Avalos as an employee of the restaurant while using some other person's social security number.

Affirmed.

5